IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY C. WILLIS,
   Petitioner,

vs.          Case No. 5:06cv261/RS/EMT

WARDEN, FCI-MARIANNA,
   Respondent.
_____/

## REPORT AND RECOMMENDATION

   Petitioner has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, with a supporting memorandum (Doc. 8).  The filing fee has been paid.  This court has not ordered service of the petition upon Respondent because, as discussed herein, summary dismissal of the petition is appropriate.

   On August 14, 1991, Petitioner was convicted in the United States District Court for the Middle District of Alabama, Case Number 90-00173-CR-H-N, of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846, and traveling in interstate commerce to facilitate unlawful activity, in violation of 18 U.S.C. § 1952 (Doc. 8 at 2, attached supporting memorandum at 1).  He was sentenced as a career offender, pursuant to § 4B1.1 of the United States Sentencing Guidelines (U.S.S.G), to thirty (30) years of incarceration, based upon the fact that he had two prior felony convictions of either a violent crime or a controlled substance offense (Doc. 8, supporting memorandum at 2–3).  Petitioner states his sentence would have been only fifteen (15) years if the career offender enhancement had not been applied (*id*. at 3).  Petitioner states he previously sought relief from his conviction by filing a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 8 at 2, supporting memorandum at 2).  The district court denied the § 2255 motion on December 5, 2003 (*id*.).  Petitioner appealed the decision to the Eleventh

Circuit Court of Appeals, Case No. 04-10479, but the appellate court affirmed the lower court decision on August 31, 2004 (Doc. 8 at 2, supporting memorandum at 2).  <u>Willis v. United States</u>, 116 Fed. Appx. 252 (11th Cir. Aug. 31, 2004) (Table).  Petitioner sought certiorari review by the United States Supreme Court, but the Court denied review on October 3, 2005.  <u>Willis v. United States</u>, 126 S.Ct. 280, 163 L. Ed. 2d 248 (Oct. 3, 2005) (Mem).

In the instant habeas petition, Petitioner challenges the validity of his sentence on the ground that one of his prior convictions no longer qualifies as a predicate offense for imposition of the career offender enhancement (*see* Doc. 8 at 3, supporting memorandum at 2–3, 7–11).

To challenge on constitutional grounds the <u>imposition</u> or <u>validity</u> of his conviction or sentence, Petitioner must file his petition pursuant to 28 U.S.C. § 2255.  *See* <u>United States v. Hayman</u>, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  By contrast, a habeas corpus petition under 28 U.S.C. § 2241 generally attacks only the <u>execution</u> or carrying out of an initially valid confinement.  *See* <u>Broussard v. Lippman</u>, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981).[1]  When a defendant previously filed a § 2255 motion, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255.  A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under § 2241.  *See* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245 (11th Cir. 1999).  Although jurisdiction under § 2241 may be found through what has been referred to as "the savings clause" of the amended § 2255,[2] this remedy is available only if Petitioner establishes that the § 2255 remedy is inadequate or ineffective.  *See* <u>Wofford</u>, 177 F.3d at 1245; <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979); <u>Lane v. Hanberry</u>, 601 F.2d 805 (5th Cir. 1979).  In <u>Wofford</u>, the Eleventh Circuit stated:

---

[1]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[2]The "savings clause" provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

(emphasis added).

The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

Petitioner apparently recognizes that claims like the one presented in the instant petition must normally be presented in a motion attacking the conviction pursuant to § 2255; however, Petitioner states that § 2255 is "inadequate or ineffective" because his claim was determined procedurally barred in the § 2255 proceeding, and the claim presents a "fundamental defect" in sentencing (Doc. 8 at 3, supporting memorandum at 4–5). Petitioner also contends that the Supreme Court's holding in House v. Bell, 126 S.Ct. 2064, 165 L. Ed. 2d 1 (2006) permits a defendant who shows that he is actually innocent of his sentence to bring a § 2241 action (id., supporting memorandum at 6–7).

In Wofford, the Eleventh Circuit specifically stated:

We need not decide whether the savings clause extends to sentencing claims in those circumstances [where a petitioner's claims involve a "fundamental defect" in sentencing and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier] or what a "fundamental defect" in a sentence might be. It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent.

177 F.3d at 1244–45. In the instance case, Petitioner does not allege that his claim is based upon a retroactively applicable Supreme Court decision overturning Eleventh Circuit precedent. Therefore, Petitioner may not use the savings clause of § 2255 to file a § 2241 petition. Furthermore, House v. Bell does not support Petitioner's position because that case simply restated the well-established rule that actual innocence may overcome a procedural default. Nonetheless, this court will not address the question of whether Petitioner has overcome his procedural default until he has established that the savings clause of § 2255 applies to him and, therefore, that he may validly bring his § 2241 petition. See Ramiro v. Vasquez, No. 06-12190, 2006 WL 3697398, at *4 (11th Cir. Dec. 13, 2006). Indeed, this court need not rule on Petitioner's claims regarding his actual innocence, the impediments that prevented him from meeting the procedural requirements of § 2255,

and the alleged error that occurred at his sentencing because he has failed to show that the savings clause of § 2255 applies to enable him to file his § 2241 petition.

In habeas corpus actions, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.[3]  Since Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 8) be **DISMISSED WITH PREJUDICE** pursuant to Rule 4, Rules Governing Section 2254 Cases, and 28 U.S.C. § 2243.

At Pensacola, Florida this <u>26th</u> day of March 2007.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3]Although this habeas action was not brought pursuant to section 2254 but section 2241, Rule 1(b) of the Section 2254 Rules allows the court to apply these rules in § 2241 cases. *See* <u>Kramer v. Jenkins</u>, 108 F.R.D. 429, 432 (N.D. Ill. 1985).